# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:07CV337
## (1:04CR92)

| | | |
|---|---|---|
| **JEREMY LUJAN AIKEN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER OF DISMISSAL** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255**. However,

[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

On October 4, 2004, the Petitioner was charged in an indictment with two counts of possession with intent to distribute cocaine base and aiding and abetting in that offense (as to Count One only), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). **Bill of Indictment, filed October 4, 2004**. Petitioner entered into a plea agreement with the Government whereby he agreed to plead guilty to Counts One and Four of the indictment. **Plea Agreement, filed December 22, 2004.** On December 29, 2004, the Magistrate Judge conducted a Rule 11 hearing at which the Court determined that Petitioner understood the nature of the charges and the penalties he faced and that his plea was knowingly and voluntarily entered. **Rule 11 Inquiry and Order of Acceptance of Plea, filed December 29, 2004**. On June 2, 2005, the undersigned sentenced Petitioner to 224 months imprisonment on Count One and 120 months imprisonment on Count Four to run concurrently with the term imposed in Count One, plus five years of supervised release on Count One and three years of supervised release on

Count Four to run concurrently. The Court granted the Government's motion to dismiss Counts Two and Three. **Judgment in a Criminal Case, filed June 13, 2005.** The Petitioner filed a timely notice of appeal and the Fourth Circuit Court of Appeals affirmed the Petitioner's conviction and sentence on February 6, 2006. ***United States v. Aiken***, **165 F. App'x 272 (4th Cir. 2006).**

Title 28 U.S.C. § 2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255.** The Petitioner did not petition the United States Supreme Court for a writ of *certiorari*; therefore, his conviction and sentence became final, for purposes of bringing an action pursuant to § 2255, ninety days later on May 8, 2006. ***United States v. Sosa*, 364 F.3d**

**507, 509 (4th Cir. 2004) ("Sosa notices a direct appeal, which we**

**dismissed on July 31, 1998. Sosa did not file a petition for writ of**

***certiorari* in the Supreme Court of the United States, and his**

**conviction therefore became 'final' for the purpose of § 2255's one**

**year statute of limitations on October 29, 1998, ninety days after we**

**entered judgment.").** Clearly, Petitioner's motion, signed October 14,

2007, and filed by the Clerk on October 19, 2007, is outside the one-year

statute of limitations period and is, therefore, untimely. *Id.*

Petitioner argues that his conviction will become final one year from

the date the Fourth Circuit rules on his current appeal of this Court's Order

denying his motion to compel the Government to file a motion for reduction

in sentence. **Defendant's Motion for an Order Directing the**

**Government for a Further Reduction of Sentence and/or Downward**

**Departure, filed December 28, 2006; Order, filed January 9, 2007**

**(denying Defendant's motion); Defendant's Notice of Appeal filed**

**February 15, 2007.**[1] Petitioner is incorrect. Petitioner's appeal of the

denial of his motion has no impact on the calculation of when his case

---

[1] This Court accepted the Petitioner's notice of appeal as timely filed
pursuant to remand from the Fourth Circuit. **See Order, filed June 27,
2007.**

became final for purposes of the AEDPA. ***United States v. Sanders***, **247 F.3d 139, 143 n.2 (4ᵗʰ Cir. 2001) (Rule 35 sentence modifications do not affect the finality of convictions for § 2255 purposes.)**

In the alternative, Petitioner argues that his sentence becomes final one year from the date on which facts discovered within the sentencing transcript became available to the movant through the exercise of due diligence. Petitioner contends that the sentencing transcript, which he alleges supports his claim of ineffective assistance of counsel, was "not available [to him] until approximately 60-days after their transcription date of August 31, 2006." **Petitioner's Supporting Memorandum Pursuant to 28 U.S.C. § 2255, filed October 19, 2007, at 2**. First, Petitioner was present at the sentencing hearing with his counsel and could have requested a transcript be prepared for purposes of challenging his attorney's effectiveness. Further, the record reveals that the sentencing transcript was prepared for the direct appeal and, therefore, available to Petitioner on July 11, 2005, well before his appeal was adjudicated by the Fourth Circuit.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE**.

Signed: October 26, 2007

Lacy H. Thornburg
United States District Judge